IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | |
|---|---|
| AMERICAN SAFETY INDEMNITY COMPANY, an insurance company incorporated in the State of Oklahoma,<br><br>    Plaintiff,<br><br>    v.<br><br>T.H. TAYLOR, INC., et al<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) CIVIL ACTION NO.<br>   2:10cv48-MHT<br>       (WO) |

ORDER

It is ORDERED as follows:

(1) The plaintiff's motion to alter or amend judgment (doc. no. 64) is set for submission, without oral argument, on June 3, 2011.

(2) It may be that a state court could address the plaintiff's duty-to-indemnify claim.  However, in its motion, the plaintiff does not address two <u>federal</u> concerns raised in the court's opinion when the court states that "a declaration is not only inappropriate under the Declaratory Judgment Act but also because a

'case' or 'controversy' is lacking." American Safety Indemnity Company v. T.H. Taylor, Inc., 2011 WL 1188433, *6 (M.D. Ala. March 29, 2011) (citing Auto-Owners Ins. Co. v. Toole, 947 F.Supp. 1557, 1565-66 (M.D. Ala. 1996) (Thompson, J.)): The first concern is whether the plaintiff's duty-to-indemnify claim presents a 'case or controversy.' See Nationwide Insurance v. Zavalis, 52 F.3d 689, 693 (7th Cir. 1995) ("the duty to indemnify is not ripe for adjudication until the insured is in fact held liable in the underlying lawsuit").  The second is whether, because this lawsuit has been brought under the Declaratory Judgment Act and because the court has discretion under that statute to resolve a matter, the court should exercise its discretion not to resolve the plaintiff's duty-to-indemnify claim even if the case presents a case or controversy. See Wilton v. Seven Falls Company, 515 U.S. 277, 288 (1995) (because there is "nothing automatic or obligatory about the assumption of 'jurisdiction' by a federal court to hear a declaratory

judgment action," a district court is authorized in the sound exercise of its discretion, to stay or dismiss an action seeking a declaratory judgment before trial) (citation omitted).  The plaintiff should file a brief addressing these two <u>federal</u> concerns by May 26, 2011.

(3) The defendants are to file briefs by June 3, 2011.

DONE, this the 17th day of May, 2011.

    /s/ Myron H. Thompson    
**UNITED STATES DISTRICT JUDGE**